1

2

3

4

5

6

7

8

9          # UNITED STATES DISTRICT COURT

10            ## EASTERN DISTRICT OF CALIFORNIA

11

DAVID W. JACOBSON,                          )     1:07-CV-01040 LJO SMS HC
12                                          )
            Petitioner,                     )
13                                          )     FINDINGS AND RECOMMENDATION
       v.                                   )     REGARDING PETITION FOR WRIT OF
14                                          )     HABEAS CORPUS
                                            )
15   CAL. DEPT. OF CORRECTIONS, et al.,     )
                                            )
16            Respondents.                  )
   _____)

17

18            On July 20, 2007, Petitioner filed a petition for writ of habeas corpus in this Court.

19                                    **DISCUSSION**

20            Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

21   of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

22   from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing

23   2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

24            The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

25   Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

26   he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

27            The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
              entertain an application for a writ of habeas corpus in behalf of a person in
28            custody pursuant to a judgment of a State court *only on the ground that he is in*

1    *custody in violation of the Constitution or laws or treaties of the United States.*

2    (emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States

3    District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a

4    person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484

5    (1973).

6    Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must

7    demonstrate that the adjudication of his claim in state court

8    resulted in a decision that was contrary to, or involved an unreasonable application
     of, clearly established Federal law, as determined by the Supreme Court of the
9    United States; or resulted in a decision that was based on an unreasonable
     determination of the facts in light of the evidence presented in the State court
10   proceeding.

11   28 U.S.C. § 2254(d)(1),(2).

12   In the instant case, Petitioner fails to state a cognizable federal claim. Petitioner claims prison

13   staff have denied him "gate money" upon his release. He further claims he is being harassed by

14   Bakersfield police and parole officials. Petitioner is not challenging the fact or duration of his

15   confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be

16   dismissed.

17                                          **RECOMMENDATION**

18   Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be

19   DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas

20   corpus relief.

21   This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

22   United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule

23   72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

24   California.  Within thirty (30) days after being served with a copy, any party may file written

25   objections with the court and serve a copy on all parties.  Such a document should be captioned

26   "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall

27   be served and filed within ten (10) court days (plus three days if served by mail) after service of the

28   objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

1  (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive

2  the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  IT IS SO ORDERED.

4  **Dated:    August 16, 2007            /s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28